# JOHNSON–WYNNE COMPANY *v.* WRIGHT.

---

JUDICIAL NOTICE; RULES OF COURT; BILLS OF EXCEPTIONS; MANDAMUS; CLERK OF COURT.

1. This court will take judicial notice of the rules of the lower court.
2. If prevented by any good reason from signing a bill of exceptions, when presented for settlement within the time prescribed by the rules of the lower court, the trial justice may settle it thereafter *nunc pro tunc.* (Following *United States ex rel. Beal* v. *Cox,* 14 App. D. C. 368, and *Lindsey* v. *Pennsylvania R. Co.* 26 App. D. C. 125.)
3. While the trial justice of the lower court may, for reasons satisfactory

to himself, settle a bill of exceptions, although the eight days' notice of the time when it is proposed to present it for settlement has not been given to opposing counsel, as required by rule 55 of that court, he has the right to refuse to settle it when such notice has not been given and cannot be compelled by mandamus to do so. (Distinguishing *Lindsey* v. *Pennsylvania R. Co. supra.*)

4. Rules of court have the force of laws.

5. Presentation of a proposed bill of exceptions to the clerk of the lower court is not equivalent to its presentation to the trial justice; and although the trial justice may possibly direct a delivery of it to the clerk in a particular case, and treat the same as a presentation to him, yet in the absence of such a direction, if the clerk receives the unsettled bill, although in the absence of the justice, he does it as agent of the party, and not of the justice.

No. 259.    Original.    Submitted November 24, 1906.    Decided November 28, 1906.

HEARING on a petition for the writ of mandamus to one of the justices of the Supreme Court of the District of Columbia requiring him to show cause why the writ should not issue, and his return to the rule issued on such petition.

*Rule discharged and petition dismissed.*

The facts are stated in the opinion.

*Mr. L. A. Bailey* for the petitioner.

*Mr. H. W. Wheatley* for the respondent.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Petitioners, the Johnson–Wynne Company and Benjamin F. Johnson, ask for a writ of mandamus to compel the respondent, Daniel Thew Wright, in his official capacity as a justice of the supreme court of the District of Columbia, to settle a bill of exceptions.

Before passing to the particular facts of the case, it is im-

portant to call attention to the following facts, of which we take
judicial notice.   By the rules of the supreme court of the Dis-
trict of Columbia, the special terms of the court are adjourned
from August 1 until September 30 for the summer vacation.
One of the justices of said court is required to be in the District
during the said vacation, and is charged with the performance
of all the duties of said court during said period, including the
entering of all necessary orders in each of the special terms.

The material undisputed facts disclosed by the petition, re-
turn to the rule to show cause, and replication thereto, are
these:  On June 6, 1906, a verdict was returned for the plaintiff
in two actions of debt or assumpsit, brought by Henry C. Pratt
against the petitioners herein, which actions had been regularly
consolidated for trial.   After a motion for new trial had been
overruled, final judgment was entered on the verdict June 21,
1906.   The respondent, presiding in the special term entitled
the circuit court, in which the trial was had, adjourned said
term on August 1 until September 30, as provided by the rule
heretofore referred to.   Respondent left the District for his va-
cation on August 1, returning September 30, and resuming the
business of the unexpired term of said circuit court.   During
his absence one of the justices of the supreme court of the Dis-
trict was present in the District in the performance of the gen-
eral duties heretofore mentioned.   Petitioners, as defendants in
said judgment, having reserved certain exceptions during the
trial, gave notice of appeal in open court from said judgment
when rendered, and filed their appeal bond on July 16, 1906,
which was duly approved.   No further action was taken by them
until August 8, 1906, on which day they lodged with the clerk
of the court the proposed bill of exceptions.   On the same day
a copy thereof was delivered to opposing counsel, with notice
of the purpose to have the said bill of exceptions settled by the
court on August 20, or as soon thereafter as practicable.   It is
manifest, from the dates aforesaid, that the proposed bill of
exceptions was lodged with the clerk, and the notice given, on
the thirty-eighth day, excluding Sundays, after the entry of

the judgment. It was not actually presented to the respondent for settlement until October, 1906, when, the plaintiff in the case objecting thereto, he refused to settle the same.

By the ancient practice, bills of exceptions were required to be settled during the trial, but later they were permitted to be reduced to writing and settled after the trial, but before the expiration of the term. There is no statute controlling the practice in the supreme court of the District in such cases, but under the authority conferred by law that court has promulgated certain rules regulating the preparation and settlement of bills of exceptions (rules 54 and 55).

Rule 54 provides that exceptions may be reduced to writing and settled on the trial, or the justice may enter the exceptions on his minutes, proceed with the trial, and afterward settle the bill. Section 2 of the rule provides that it shall be settled before the close of the term, which may be prolonged by adjournment in order to prepare it, but not longer than thirty-eight days, exclusive of Sundays, save in case of trial begun during a term, but not concluded until after its expiration, in which case the trial justice may extend the term in his discretion, in order to prepare the bill of exceptions. Rule 55 provides that every bill of exceptions shall be prepared and submitted to the counsel of the other side, and, when not settled before the jury retires, notice in writing shall be given to the opposing counsel, of the time at which it is proposed to be settled, and at least eight days, exclusive of Sundays, before the time designated in such notice, the proposed bill of exceptions shall be submitted to the opposing counsel, and shall be presented to the court within thirty-eight days, exclusive of Sundays, after judgment shall have been entered in the case, unless the trial justice shall, for good cause shown, extend the time for presentation thereof. Under this rule the notice should have been given and copy of the proposed bill submitted to opposing counsel on or before July 30, so as to give the necessary eight days before the expiration of the time allowed for settling the bill. Had this notice been given, the bill could have been presented

for settlement on August 8, which was the last day within which it could have been settled under the rule, unless extended for good cause shown. It would then have been the duty of the trial justice to settle the same. This he might have done at once, or, if prevented from so doing for any good reason, he might have settled it thereafter, *nunc pro tunc. Lindsey* v. *Pennsylvania R. Co.* 26 App. D. C. 125, 127; *United States ex rel. Beal* v. *Cox,* 14 App. D. C. 368, 375.

If, at the time provided for the presentation of the proposed bill to the trial justice, the latter be absent and remain away, it may well be that the appellants could not be deprived of their right to the bill of exceptions by that fact. In such case, however, the party proposing the bill could present it to the justice then in the District, whose duty it would be, at the least, to grant an extension of the time for settlement until the return of the trial justice. Nothing of the kind, however, was done. The settlement of the bill in accordance with the rule was not prevented by the absence of the trial justice from and after August 1. The positive provision of the rule in regard to giving eight days' notice to opposing counsel was violated by the petitioners. He was in the District on the day on which said notice should have been given to opposing counsel, and, had the rule been complied with, the bill could have been presented to him in person at that time. We are not to be understood as saying that the trial justice might not have signed the bill within the thirty-eight days, for reasons satisfactory to himself, notwithstanding the failure, within the required time, to submit the copy to opposing counsel. In a recent case, where a motion was made in this court to strike out a bill of exceptions that had been settled within the thirty-eight days, although notice had not been given within the proper time to opposing counsel, we denied the motion, intimating in doing so that the failure to give the required notice might be waived by the trial justice, for reasons satisfactory to himself. In such cases, absence from the District might prevent the service of notice upon opposing counsel, or there might be other good reasons, within the knowl-

edge of the trial justice, for failure in that respect; and, as in the case mentioned, the trial justice had settled the bill, it could well be presumed that such conditions might have existed,—especially as it was plain that no inquiry could have accrued to the opposing party. *Lindsey* v. *Pennsylvania R. Co.* 26 App. D. C. 125.

However this may be, it is clear that the trial justice is not bound to waive the required notice to opposing counsel, and settle the bill when the same has not been given. Opposing counsel had the right to insist upon the strict observance of the requirements of the rule, and the trial justice had the right to refuse to settle the bill of exceptions over their objections.

Parties should be prompt in preparing bills of exceptions, in order that the trial justice, if compelled to settle the same in case of disagreement of the parties, shall be able to do so while the facts are fresh in his memory. Thirty days is more than ample time for the preparation of the proposed bill, in ordinary cases, for presentation to opposing counsel. If extraordinary conditions arise, it must be presumed that one of the trial justices, upon being informed thereof, would always extend the time for a reasonable period. The rules made by the court have the force of laws, and the petitioners have themselves to blame for not submitting the bill and giving notice to opposing counsel, in accordance with their positive requirement. Whatever discretion he might have had as to waiving the giving of notice, it was not the plain duty of the trial justice to settle the bill without a compliance with that requirement.

The claim that presentation of the proposed bill of exceptions to the clerk of the court is equivalent to its presentation to the justice presiding on the trial is not supportable. The clerk has nothing to do with the bill of exceptions, save to file the same as a part of the record of the case after it shall have been settled and signed by the justice. If the clerk receives the unsettled bill, though in the absence of the justice, he does it as the agent of the party, and not of the justice. Possibly the justice might direct delivery to the clerk in particular cases; and treat the same as a presentation to him. These questions, however, are immaterial in this case.

The breach of the rule for which the trial justice declined to settle the proposed bill was the failure to submit a copy of it to the opposing counsel eight days, exclusive of Sundays, before the last day upon which, without extension of the term, he was permitted to settle it, by rule 55.

For the reasons given, the rule must be discharged and the petition dismissed, with costs. It is so ordered.

*Rule discharged and petition dismissed.*